IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CR 420-081 |
| | ) |
| GREGORY HALL MELTON | ) |
| JOHN DAVID MELTON | ) |

**O R D E R**

Before the Court is Defendants Gregory Hall Melton and John David Melton's *ex parte* Motion for Rule 17(c) Subpoena. (Doc. no. 454.) Defendants request issuance of subpoenas to a court reporter and attorneys to obtain copies of depositions and exhibits from a defective concrete case filed in this Court, Mcgaffin, et al. v. Cementos Argos S.A., et al., No. 4:16-CV-104-RSB-BKE (S.D. Ga. June 26, 2020) ("CV 416-104"). The Court must determine, prior to issuance, whether the subpoenas satisfy United States v. Nixon, 418 U.S. 683 (1974), and its progeny. Upon consideration of the arguments set forth in the motion and for the reasons set forth below, the Court **GRANTS IN PART** Defendants' motion.

**I.     Rule 17(c) Narrowly Permits the Subpoena of Documents that Are Specifically Identifiable, Relevant, and Admissible at Trial**

Rule 17(c)(1) provides as follows: "A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence." Rule 17 expedites "the trial by providing a time and place before trial for the

inspection of subpoenaed materials . . . ." Nixon, 418 U.S. at 698-99. In order to obtain production prior to trial under Rule 17(c), the moving party must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

Id. at 699-700 (footnote omitted). The requesting party must therefore "clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." Id. at 700.

"Specificity is the hurdle on which many subpoena requests stumble." United States v. Ruedlinger, 172 F.R.D. 453, 456 (D. Kan. 1997). "Courts have noted that the specificity and relevance elements are somewhat heightened in that they 'require more than the title of a document and conjecture as to its contents.'" United States v. Brown, No. 11-60285, 2013 WL 1624205, at *4 (S.D. Fla. Apr. 15, 2013) (Rosenbaum, J.) (citing United States v. Arditti, 955 F.2d 331, 345 (5th Cir. 1992)). "As the Eleventh Circuit has explained, 'the rule only reaches *specifically identified documents* that will be admissible as evidence at trial, provided that the application for the subpoena is made in good faith.'" Id. (citation omitted).

Rule 17 is "not intended to provide an additional means of discovery for any party in criminal cases." United States v. Silverman, 745 F.2d 1386, 1397 (11th Cir. 1984) (citing Bowman Dairy Co. v. United States, 341 U.S. 214, 220 (1951)); see also Arditti, 955 F.2d at 345 (same). Nor can Rule 17 be used "as a means for developing investigative leads which would lead to evidence producible at trial . . . ." United States v. Noriega, 764 F. Supp. 1480, 1492 (S.D. Fla. 1991). "[A] Rule 17(c) subpoena *duces tecum* cannot substitute for the limited discovery otherwise permitted in criminal cases and the hope of obtaining favorable evidence

does not justify the issuance of such a subpoena." United States v. Caro, 597 F.3d 608, 620 (4th Cir. 2010) (citation omitted).

Under the Due Process Clause of the Fourteenth Amendment, fundamental fairness requires that criminal defendants "be afforded a meaningful opportunity to present a complete defense." California v. Trombetta, 467 U.S. 479, 485 (1984). "To safeguard that right, the Court has developed 'what might loosely be called the area of constitutionally guaranteed access to evidence . . . . [T]his group of constitutional privileges delivers exculpatory evidence into the hands of the accused, thereby protecting the innocent from erroneous conviction and ensuring the integrity of the criminal justice system." Id. (citations omitted). Rule 17(c) "implements the Sixth Amendment guarantee that an accused have compulsory process to secure evidence in his favor." United States v. Ventola, No. 15-10356, 2017 WL 2468777, at *3 (D. Mass. June 6, 2017) (citations omitted). Nevertheless, "[t]he right to defend oneself does not extend to using the power of the Court to compel third parties to provide information that may not even be admissible at trial or at a hearing or that is merely 'investigatory.'" Id. (collecting cases); see also United States v. Rand, 835 F.3d 451, 463 (4th Cir. 2016) (same).

## II. Defendants Fail to Satisfy the Specificity Requirement For All But One of the Requested Depositions

The Court has carefully reviewed every line of Defendants' motion and attached exhibits. With the sole exception of Terry Varnerdore's deposition, Defendants do not know whether the depositions from the defective concrete dispute in Mcgaffin contain any information relevant to this antitrust criminal matter and are attempting to discover evidence not presently known to exist. (Doc. no. 454, pp. 3-4.) These requests are typical of discovery in civil cases under the Federal Rules of Civil Procedure, but Rule 17 is not an additional

3

means of discovery.  See Arditti, 955 F.2d at 345.  Defendants seek to "cast a wide net that betokens a 'general fishing expedition.'"  Nixon, 418 U.S. at 700, 94 S. Ct. 3090.[1]  For Mr. Varnerdore, however, Defendants have pointed to deposition testimony concerning the nature of his dissolving company's relationship with Argos, which is relevant to matters Mr. Varnerdore discussed with investigating agents.  (See doc. no. 454, Ex. 3.)

For the reasons set forth above, the Court authorizes subpoenas for the deposition of Mr. Varnerdore and all associated deposition exhibits, not marked as "confidential" or "highly confidential," on the following conditions:

1. Defendants shall prepare and submit the subpoenas to the undersigned by email to Courtnay_Capps@gas.uscourts.gov on or before June 6, 2024.

2. Once reviewed and approved by the Court, the Court will direct the Clerk of Court to issue the subpoenas, which Defendants must serve, on or before June 13, 2024.

3. The subpoenaed materials shall be produced to the Clerk of Court, Federal Justice Center, 600 James Brown Boulevard, Augusta, Georgia, 30901, on or before June 27, 2024.

---

[1] See also United States v. Jackson, 155 F.R.D. 664, 668 (D. Kan. 1994) (finding proposed subpoenas "unquestionably resemble discovery requests" by seeking "entire files, all correspondence, and all related records" which is "more indicia of a fishing expedition."); United States v. Kipp, No. 3:15-CR-244, 2016 WL 7209581, at *2 (W.D.N.C. Dec. 9, 2016) (quashing subpoenas casting "a wide net in what appears to be a quest for pretrial discovery outside of the Rule 16 framework"); United States v. Forbes, No. 3:02-CR-00264, 2005 WL 8146317, at *4 (D. Conn. Nov. 5, 2005) (rejecting Rule 17(c) subpoenas that "were as broad as any request for production in a civil case could be" and finding that, "contrary to the spirit and purpose of Rule 17(c), the defendants' subpoenas were aimed at obtaining discovery").

4. Upon receipt of the documents, the Clerk shall immediately notify the Court and make the materials available to Defendants and the government.

SO ORDERED this 30th day of May, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA