IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>GREGORY HALL MELTON, and JOHN DAVID MELTON,<br><br>    Defendants. | CASE NO.: 4:20-cr-81 |

**O R D E R**

United States Magistrate Judge Brian K. Epps conducted an inquiry into the admissibility of out of court statements made by Defendants Gregory Hall Melton and John David Melton, the Defendants' unindicted coconspirators, and their co-defendants.  (Doc. 480.)  Judge Epps conducted a thorough analysis under Federal Rule of Evidence 801(d)(2)(E) as well as United States v. James, 590 F.2d 575, 580–83 (5th Cir. 1979), and its progeny, and ruled that all statements proffered by the Government were admissible.  Defendants have objected to Judge Epps's ruling.  (Doc. 482.)  The Court **OVERRRULES** Defendants' Objections.

Defendant David Melton objects to the introduction of statements which he maintains only concern an alleged conspiracy to fix prices in the Statesboro, Georgia ready-mix concrete market.  (Id. at pp. 1–4.)  He contends that "the indictment alleges three separate conspiracies in two separate markets, Savannah and Statesboro," and that because he was not involved in the Statesboro market, statements "pertinent to the Statesboro market were not made during and in furtherance of any alleged conspiracy involving David Melton."  (Id. at pp. 2–3.)  As Defendants acknowledge, they have made this "separate conspiracies" argument previously, and the Court has rejected it.  The Court correctly explained, "[t]hat David Melton in Savannah did not have a

relationship with Strickland and Evans Concrete in Statesboro does not destroy the potential of a single Sherman Act conspiracy." (Doc. 341, p. 9.)  To be sure, Defendants may argue to the jury that the Government has failed to prove a single district-wide conspiracy beyond a reasonable doubt.  But at this stage, for the purposes of admissibility of the proffered statements, the Government need only demonstrate by a preponderance of the evidence that such a conspiracy existed.  To that point, the Court agrees with Judge Epps that "[f]or now, it is sufficient that Argos, Evans Concrete, Bo Strickland, and Pedrick have admitted to participating with Defendants in a single conspiracy to influence pricing and job allocation throughout the District." (Doc. 480, p. 5.)  The factual bases contained in each of those Defendants' plea agreements and the other evidence provided by the Government also supports a finding that Defendants David and Gregory Melton participated in a conspiracy that spanned the Southern District of Georgia.

Defendants also object to Judge Epps's conclusion that Chris Young made statements in furtherance of the conspiracy during phone calls with Jim Pedrick.  (Doc. 482, pp. 4–5.)  Defendants contend that Young simply "fished for information" from Pedrick and that Pedrick was not seeking any assistance from Young.  (Id. at p. 5.)  Once again, Defendant's arguments are better made at trial.  What Defendants characterize as a fishing expedition by Young has been credibly characterized as coordination in furtherance of a conspiracy by the Government.  It will be up to the jury to assess which characterization to believe.  At this stage, it is enough that the Government has supported its characterization beyond a preponderance of the evidence.[1]

---

[1] "The defendants ask the Court to instruct the jury that Chris Young's statements are only there for context, not for the truth of the matter asserted, and to consider these objections preserved without the need for a contemporaneous objection under Fed. R. Evid. 103(b)." (Doc. 482, p. 5.)  The Court reserves ruling on this request until hearing from the Government.

For these reasons, the Court **OVERRULES** Defendants Gregory Hall Melton and John David Melton's Objection to the Magistrate Judge's Order, (doc. 482).

**SO ORDERED**, this 6th day of July, 2024.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA